## Illinois Central Railroad Company v. Moran.

(Decided February 12, 1929.)

TRABUE, DOOLAN, HELM & HELM for appellant.

MATT J. HOLT for appellee.

Opinion of the Court by Judge Logan—Affirming.

The appellee, Martin T. Moran, is an attorney at law of the Louisville Bar. He instituted this action to recover a fee from appellant, basing his suit on the ground that he had been employed by Nannie Wood, administratrix of Herman Wood, to institute suit against appellant seeking a judgment for the death of her husband, which she claimed was caused by the negligence of appellant, and that after he had instituted the suit and summons had been executed a settlement was made with the plaintiff in the action with the full knowledge that he was the attorney representing her and without his consent. He alleged that his contract with Mrs. Wood as administratrix of her husband provided that he should receive a sum equal to 33 1/3 per cent. of any amount that might be obtained by a suit or compromise. He sought to recover, therefore, one-third of $4,180, the amount paid in settlement. The jury returned a verdict in his favor for $1,393.33, with interest from August 3, 1925. The appellant urges four grounds for reversal.

The first is that the court erred in refusing to submit to the jury the issue as to whether appellee solicited employment in the suit which he filed in behalf of the administratrix. We find little merit in this contention. It is insisted that the question should have been submitted under the authority of the case of Chreste v. Louisville R. Co., 167 Ky. 75, 180 S. W. 49, L. R. A. 1917B, 1123, Ann. Cas. 1917C, 867. That case does not hold that contracts obtained by solicitation alone are contrary to public policy. It is the only case where the question has been considered at all that has been called to our attention. We deem it unnecessary, however, to enter into a discussion of that question, as we do not find sufficient evidence in this record to justify the opinion that appellee actually solicited employment in the case. He testified that he did not, and Mrs. Wood testified that he was not employed at all. It is true she stated that he called her up and requested her to come to his office, but she is most positive that he advised her at that time that he would charge her nothing for such services as he rendered at the corner's inquest and in having her appointed administratrix. Appellee testified that the secretary of the Brotherhood of Railway Trainmen called him over the telephone about other matters, and suggested that Mrs. Wood, whose husband was a member of that organization, needed some one to represent her at the cor-

oner's inquest. He testified that he told the secretary that he did not like to take the matter up with Mrs. Wood unless she should request it. Mr. Fisher, the secretary, testified that in the telephone conversation with appellee, suggested that the inquest would be held within the next few days and that he would drop over and see what was going on in the case. He also testified that appellee suggested to him that he call Mrs. Wood and tell her that he was an attorney. Fisher testified that he did call Mrs. Wood and told her that appellee was an attorney and would be present at the inquest and that she could employ any one that she felt like employing, but he advised her against employing any one at the time. This is all of the evidence on the question of solicitation, other than the evidence that appellee brought Mrs. Wood to the courthouse on the day that she qualified as administratrix of her husband's estate. If it should be conceded that the solicitation of such employment by an attorney would be sufficient to deprive him of a legal right to enforce the collection of his fee, yet we do not find enough in this evidence to make an issue, and the court did not err in failing to submit the question to the jury.

The second ground relied on for reversal is that the lower court failed to give a peremptory instruction in favor of appellant at the conclusion of all of the evidence. This ground is based on the contention that Mrs. Wood discharged appellee as her attorney before she made the settlement. The evidence was conflicting on this point, and the question was submitted to the jury, and the jury found against appellant. The question was properly submitted to the jury.

The third ground relied on for reversal is that the court should have submitted to the jury the question as to whether appellee was employed by Mrs. Wood. The contract which she signed was placed in evidence, as well as the petition which was filed in her behalf, and which she also signed. She did not deny her signature to either of these papers. There was a plea to the effect that her signature was obtained through misrepresentation. The court in the first instruction told the jury that the undisputed evidence in the case showed that Mrs. Wood, as administratrix of the estate of her husband, executed the contract of employment. This statement of the court was undoubtedly correct. The court told the jury that it should find for appellee unless they believed

from the evidence that he obtained the contract of employment by misrepresentations, and if they so believed they should find a verdict for the appellant. There is no reason to complain about this instruction, as it fully submitted the issue as to the execution of the contract to the jury.

The fourth and last ground urged for reversal relates to the alleged admission of incompetent testimony. The testimony objected to was that given by Edward E. Metcalf, a member of the Louisville police force. He testified that he had a conversation with Mrs. Wood, in which she admitted that she had employed appellee as her attorney. It is urged against this testimony that the conversation was had prior to the time that the contract was signed. This is not a valid objection to the evidence. It tended to contradict her claim that the contract was obtained through misrepresentations.

Judgment affirmed.